# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-CV-2049-LRR |
| Plaintiff, | |
| vs. | **ORDER** |
| DAVID C. DEVORE, | |
| Defendant. | |

## *I. INTRODUCTION*

The matter before the court is the government's Motion for Summary Judgment ("Motion") (docket no. 8).

## *II. PROCEDURAL BACKGROUND*

On September 11, 2009, the government filed a Complaint (docket no. 1). In the Complaint, the government alleges that Defendant David C. Devore has defaulted on student loans and seeks a judgment for the amounts owed. Defendant appears pro se in the instant action. On November 19, 2009, Defendant filed an Answer (docket no. 5).

On February 5, 2010, the government filed the Motion. On March 1, 2010, Defendant filed a Resistance (docket no. 9). On March 8, 2010, the government filed a Reply (docket no. 10).

Neither side requests oral argument on the Motion and the court finds that oral argument is unnecessary. The Motion is fully submitted and ready for decision.

## *III. SUBJECT MATTER JURISDICTION*

The court has federal question jurisdiction over the instant action because the United States filed the Complaint. *See* 28 U.S.C. § 1345 ("[T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States[.]").

## IV. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "[T]o establish the existence of a genuine issue of material fact, 'a plaintiff may not merely point to unsupported self-serving allegations.'" *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008) (quoting *Bass v. SBC Commc'ns, Inc.*, 418 F.3d 870, 872 (8th Cir. 2005)). Rather, the nonmoving party "'must substantiate [its] allegations with sufficient probative evidence that would permit a finding in [its] favor.'" *Anda*, 517 F.3d at 531 (quoting *Bass*, 418 F.3d at 873). The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Found. of Am., Inc.*, 450 F.3d 816, 820 (8th Cir. 2006) (citing *Drake ex rel. Cotton v. Koss*, 445 F.3d 1038, 1042 (8th Cir. 2006)).

Procedurally, the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see, e.g.*, *Baum v. Helget Gas Prods., Inc.*, 440 F.3d 1019, 1022 (8th Cir. 2006) ("Summary judgment is

not appropriate if the non-moving party can set forth specific facts, by affidavit, deposition, or other evidence, showing a genuine issue for trial."). The nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "'Evidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

## V. RELEVANT FACTUAL BACKGROUND[1]

### A. Parties

In 1997 and 1998, Defendant executed a series of promissory notes to obtain student loans to attend Hawkeye Community College in Waterloo, Iowa. Pursuant to each loan, Defendant was the borrower and the United States Department of Education ("Department") was the lender.

### B. Defendant Executes Promissory Notes

On January 23, 1997, Defendant executed a "Promissory Note and Disclosure" ("First Promissory Note") to obtain student loans. The First Promissory Note provided for a subsidized loan of $1,313 and an unsubsidized loan of $2,000. On January 29, 1998, Defendant executed a second "Promissory Note and Disclosure" ("Second Promissory Note") to obtain student loans. The Second Promissory Note provided for a subsidized loan of $2,625 and an unsubsidized loan of $2,000.

On August 13, 1998, Defendant executed a third "Promissory Note and Disclosure" ("Third Promissory Note") to obtain student loans. The Third Promissory Note provided for a subsidized loan of $2,625. That same date, Defendant executed a fourth "Promissory Note and Disclosure" ("Fourth Promissory Note") to obtain student loans. The Fourth

---

[1] Defendant did not respond to the government's Statement of Material Facts (docket no. 8-2). Accordingly, the court deems these facts admitted. *See* LR 56.b ("The failure to respond, with appropriate citations to the appendix, to an individual statement of material fact constitutes an admission of that fact.").

Promissory Note provided for an unsubsidized loan of $3,815.

In each Promissory Note, Defendant agreed that "THIS IS A FEDERAL LOAN THAT I MUST REPAY." Government's Appendix ("Gov't App'x") (docket no. 8-3), at 1-4 (emphasis in original).

### C. Default

On January 9, 2001 and April 10, 2001, Defendant defaulted on his obligations under the First and Second Promissory Notes. On April 10, 2001, Defendant defaulted on his obligations under the Third and Fourth Promissory Notes. "Between August 27, 2001 and December 18, 2008, the [Department] sent the defendant numerous letters regarding his student loan debt." Government's Statement of Material Facts at ¶ 5.

On August 19, 2009, the Department prepared two "Certificate[s] of Indebtedness" summarizing Defendant's defaulted student loan obligations. Complaint Ex. A (docket no. 1-1), at 1-2. Certificate of Indebtedness #1 pertains to loans made under the First and Second Promissory Notes. Certificate of Indebtedness #1 shows a total debt of $13,015.94 as of March 9, 2009. This amount consists of $8,789.93 in principal, $4,216.01 in interest and a $10 penalty. Interest accrues on this amount at the rate of 5.01% per annum. Certificate of Indebtedness #2 pertains to loans made under the Third and Fourth Promissory Notes. Certificate of Indebtedness #2 reflects a total debt of $9,685.64 as of March 9, 2009. This amount consists of $6,847.85 in principal and $2,837.79 in interest. Interest accrues on this amount at the rate of 4.21% per annum.

### VI. ANALYSIS

Pursuant to Certificate of Indebtedness #1, the government seeks judgment for $13,015.94 plus pre-judgment interest at the rate of 5.01% per annum and post-judgment interest at the current legal rate. Pursuant to Certificate of Indebtedness #2, the government seeks judgment for $9,685.64 plus pre-judgment interest at the rate of 4.21% per annum and post-judgment interest at the current legal rate.

The court finds that the government has satisfied its burden to show that it is entitled to summary judgment. Certificate of Indebtedness #1 reflects that, on January 23, 1997 and January 29, 1998, Defendant executed promissory notes to secure loans from the Department. "The Department demanded payment according to the terms of the note, and [Defendant] defaulted on the obligation on [January 9, 2001] and [April 10, 2001]." Complaint Ex. A at 1. The Department states that, after crediting payments from all sources, a total debt of $13,015.94 remains outstanding.

Certificate of Indebtedness #2 reflects that, on August 13, 1998, Defendant executed promissory notes to secure additional loans from the Department. "The Department demanded payment according to the terms of the note, and [Defendant] defaulted on the obligation on [April 10, 2001]." *Id.* at 2. The Department states that, after crediting payments from all sources, a total debt of $9,685.64 remains outstanding.

### A. *Defendant's Failure to Comply with Local Rules*

Defendant failed to comply with the Local Rules. A party resisting a motion for summary must file, in addition to a brief, "[a] response to the statement of material facts in which the resisting party expressly admits, denies, or qualifies each of the moving party's numbered statements of fact[.]" LR 56.b.2. "The failure to respond, with appropriate citations to the appendix, to an individual statement of material fact constitutes an admission of that fact." LR 56.b. Because Defendant failed to respond to the government's Statement of Material Facts, all of the government's Statement of Material Facts are deemed admitted.

Defendant also failed to file a "statement of material facts that the resisting party contends preclude summary judgment[.]" LR 56.b.3. In addition, Defendant failed to file an appendix as required by Local Rule 56.b.4.

### B. *Defendant's Arguments*

Defendant argues that he "has re-filed a disability discharge for student loan that

was previously granted[.]" Resistance at 1. However, Defendant sets forth no evidence that his student loan debt was previously discharged or that he has ever filed for a disability discharge. The court finds that there are no genuine issues of material fact as to whether Defendant's student loan debts were discharged due to disability.

Defendant also argues that the "[a]mount owed on student loan is . . . in question." *Id.* However, Defendant sets forth no evidence that the amount owed is in dispute or that the amounts claimed by the government are incorrect. The court finds that there are no genuine issues of material fact as to the amount of Defendant's student loan debt.

### *C. Summary*

The court finds that the government has carried its burden to show a lack of a genuine issue for trial. Defendant is in default of his student loan obligations and the court finds that Defendant's arguments are without merit. Accordingly, the court shall grant the Motion.

### *VII. CONCLUSION*

In light of the foregoing, **IT IS HEREBY ORDERED THAT**:

(1) The Motion (docket no. 8) is **GRANTED**;

(2) The Clerk of Court is **DIRECTED** to enter judgment in the government's favor and against Defendant as follows:

   (a) $13,015.94 with pre-judgment interest at the rate of 5.01% per annum from March 10, 2009 to the date of judgment and post-judgment interest at the current legal rate;

   (b) $9,685.64 with pre-judgment interest at the rate of 4.21% per annum from March 10, 2009 to the date of judgment and post-judgment interest at the current legal rate; and

(3) The Clerk of Court is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED** this 1st day of April, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA